UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALPHONSE W. LYLES,                          No. 2:10-cv-01482-MCE-DAD

      Plaintiff,

  v.                                        ORDER

AMERICA's SERVICING COMPANY,
NDEX WEST LLC, and DOES 1-50

      Defendants.

----oo0oo----

Presently before the Court is Plaintiff's Ex Parte Application for Temporary Restraining Order and Preliminary Injunction ("Application") pursuant to Federal Rule of Civil Procedure 65(b).  Plaintiff Alphonse W. Lyles ("Plaintiff") seeks to enjoin Defendants America's Servicing Company and NDEX West, LLC ("Defendants") from conducting a trustee sale of his home, which is currently scheduled for 9:30 a.m. on June 30, 2010.

///
///
///

1

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy by clear and convincing evidence. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 442 (1974). Certain prerequisites must be satisfied prior to issuance of a temporary restraining order ("TRO"). See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974) (stating that the purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer"). In general, the showing required for a temporary restraining order is the same as that required for a preliminary injunction. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 (9th Cir. 2001). Following the Supreme Court's decision in Winter v. Natural Resources Defense Council, 129 S. Ct. 365 (2008), the party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter, 129 S. Ct. at 374; see also American Trucking Assocs. Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 ("To the extent that our cases have suggested a lesser standard [than that required for injunctive relief by Winter], they are no longer controlling, or even viable.").

1  The propriety of a temporary restraining order, in
2 particular, hinges on a significant threat of irreparable injury
3 (<u>Simula, Inc. Autoliv, Inc.</u>, 175 F.3d 716, 725 (9th Cir. 1999))
4 that must be imminent in nature. <u>Caribbean Marine Serv. Co. v.</u>
5 <u>Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).

6  The Court has reviewed Plaintiff's Ex Parte Application for
7 TRO and finds that the balance of equities sufficiently tips in
8 the favor of Plaintiff such that the issuance of a TRO is
9 warranted.

10  Pursuant to California Civil Code § 2924(a), a trustee,
11 mortgagee, or beneficiary may not exercise the power of sale
12 until a Notice of Default has been recorded not less than three
13 months prior to the date of foreclosure. <u>See</u> Cal. Civ. Code
14 § 2924(a).  The California Court of Appeal has held that while
15 Civil Code §§ 2924-2924h, inclusive, do not require personal
16 notice by a trustor of a notice of default or notice of sale,
17 they do mandate certain procedural requirements reasonably
18 calculated to inform those who may be affected by a foreclosure
19 sale that a default has occurred and a foreclosure sale is
20 imminent.  <u>See</u> <u>Knapp v. Doherty</u>, 20 Cal. Rptr. 3d 1, 10 (Ct. App.
21 2004); <u>Lupertino v. Carbahal</u>, 111 Cal. Rptr. 112, 115 (Ct. App.
22 1973).

23  Such procedural requirements apparently have not been met
24 here. Plaintiff has alleged that not only was he not informed of
25 a Notice of Default three months prior to date of foreclosure,
26 but that Notice of Trustee Sale was not publicly posted or
27 provided to Plaintiff until sixteen days prior, in violation of
28 the twenty-day mandate of California Civil Code § 2924(f).

3

1  Plaintiff has indicated that he contacted Defendants via
2  telephone and facsimile regarding postponement of the sale and
3  his intention to seek a TRO.  Defendants refused to postpone the
4  sale and, to date, have failed to rebut or oppose the allegation
5  of deficient notices.
6       Defendants are statutorily obligated to follow a strict
7  procedural standard in conducting foreclosure on a home.  This
8  Court will not institute a rule which allows that process to be
9  shortchanged, thus robbing the mortgagor of an appreciable
10 opportunity to cure default on his loan and prevent the
11 irreparable harm of the loss of his home.  In light of
12 Defendants' failure file any opposition to the allegations
13 brought against it by Plaintiff, the Court must protect the
14 status quo until such time as the allegations raised by Plaintiff
15 can be determined to be true or not true.
16      Accordingly, to preserve the status quo until hearing on
17 Plaintiff's Motion for Preliminary Injunction can be had,
18 Plaintiff's Application for Temporary Restraining Order is hereby
19 GRANTED.  The sale date of June 30, 2010 is stayed for the
20 property of 4134 Sea Drift Way, Sacramento, CA 95823.  No bond is
21 required as Plaintiff's home currently serves as security.
22      In granting Plaintiff's Application for a Temporary
23 Restraining Order, the Court makes no ruling on the merits of the
24 Plaintiff's underlying claim and/or the likelihood of the
25 issuance of a Preliminary Injunction.
26 ///
27 ///
28 ///

4

1  Hearing on Plaintiff's Motion for Preliminary Injunction is
2  hereby scheduled for **4:00 p.m. on Tuesday, July 13, 2010,** in
3  Courtroom 7 before Judge Morrison C. England, Jr.  Any Opposition
4  to Plaintiff's Motion for Preliminary Injunction must be filed by
5  **4:00 p.m., July 7, 2010.**  Any Reply to Defendants' Opposition
6  must be filed by **4:00 p.m., July 9, 2010.**

7  IT IS SO ORDERED.

Dated: June 29, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE