UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALPHONSE W. LYLES,                        No. 2:10-cv-01482-MCE-DAD

      Plaintiff,

  v.                                      <u>MEMORANDUM AND ORDER</u>

AMERICA'S SERVICING COMPANY, et al.,

      Defendants.

----oo0oo----

Plaintiff Alphonse W. Lyles ("Plaintiff") seeks redress from Defendants Wells Fargo Bank, d.b.a. America's Servicing Company ("ASC") and NDEX West, LLC ("NDEX," and collectively, "Defendants") based on alleged violations of the Truth in Lending Act ("TILA"), among other state causes of action.

Presently before the Court is a Motion filed by ASC to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, ASC's Motion to Dismiss is granted.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

## BACKGROUND[2]

This action stems from a residential mortgage loan on Plaintiff's property. The Complaint does not state the date the home was purchased, or the date Plaintiff entered into a mortgage loan for the home with Defendant ASC or any other lender.

At some point, Plaintiff became sixty days behind on his home loan payments. Plaintiff contacted ASC to attempt to discuss repayment options, but ASC refused to negotiate and later rejected Plaintiff's subsequent payments. Defendant NDEX posted a notice of foreclosure on Plaintiff's property on June 14, 2010, indicating the property would be sold on June 30, 2010.

In their Motion to Dismiss, ASC alleges that the loan on Plaintiff's property was obtained on or about November 15, 2004. ASC also contends that they assumed servicing of the loan, but never held a beneficial interest in Plaintiff's loan. Because of the loan commencement date, ASC argues that Plaintiff's TILA claims are time-barred. (Def. Mot. To Dismiss, ECF No. 13, at 1.)

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.

---

[2] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)).  A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

   Further, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing...grounds on which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted).  A pleading must then contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

Once the court grants a motion to dismiss, they must then decide whether to grant a plaintiff leave to amend. Rule 15(a) authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). In fact, leave to amend is generally only denied when it is clear that the deficiencies of the complaint cannot possibly be cured by an amended version. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim would entitle him to relief.") (internal citations omitted).

**ANALYSIS**

Plaintiff alleges violations of state and federal law and requests relief accordingly. However, the issue before the Court is not the substance of these various claims, but whether Plaintiff has plead enough facts on the federal claim as a general matter for any to stand. While the complaint does not need detailed factual allegations, it must still provide sufficient facts alleged under a cognizable legal theory. See supra.

///
///
///

**A.   TILA Claim**

Plaintiff seeks to rescind his loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1600 et. seq., as well as declaratory and injunctive relief preventing Defendants from taking any action to foreclose on the property at issue. Specifically, Plaintiff alleges that Defendant failed to provide material disclosures in a timely manner, as required under TILA. Defendant argues that Plaintiff's claim is time-barred because civil damages are subject to a one-year statute of limitations, and claims for rescission have a three-year statute of limitations.

For a plaintiff to collect civil damages from a defendant who failed to provide disclosures mandated by TILA, the statute of limitations requires plaintiff to file suit within one year from the "date of occurrence" of the alleged violation. 15 U.S.C. § 1640(e).  The "date of occurrence" is the date the transaction is consummated, which in the case of a mortgage loan, is when the plaintiff closed on the loan.  See Walker v. Washington Mut. Bank FA, 63 F. App'x. 316, 317 (9th Cir. 2003).

To sustain a claim for rescission under TILA, a consumer may elect to cancel their residential mortgage loan within three days of either the consummation of the transaction or delivery of required disclosures and rescission forms. 15 U.S.C. § 1635(f)(3). If the required disclosures are not provided, then the right to cancel the transaction extends to three years after the date the loan closed.  15 U.S.C. § 1635(f).

///

1     Plaintiff's Complaint does not specify the purchase date of
2 the home, or the date their mortgage loan closed on the property
3 in question.  Taking the facts in the light most favorable to
4 Plaintiff, the Court lacks sufficient information to determine
5 whether a claim can be sustained on the facts as currently
6 stated. Accordingly, Defendant ASC's Motion to Dismiss
7 Plaintiff's TILA claim is GRANTED.

### B.    Plaintiff's Remaining Causes of Action

    Plaintiff's federal claim presently dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state causes of action.  The Court need not address the merits of Defendant ASC's Motions to Dismiss with respect to the remaining state law causes of action, as those issues are now moot.

### CONCLUSION

    As a matter of law, and for the reasons set forth above, Defendant ASC's Motion to Dismiss Plaintiff's Complaint (ECF No. 13) is GRANTED with leave to amend.[3]

///
///
///
///

---

[3] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

Plaintiff has not demonstrated any bad faith or other malicious conduct, and therefore may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: October 6, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE